[No. 998-41778-1.   Division One—Panel 1.   July 12, 1971.]

THE STATE OF WASHINGTON, *Appellant,* v. JACK CATTERALL, *Respondent.*

*Robert E. Schillberg, Prosecuting Attorney,* and *James H. Allendoerfer, Deputy,* for appellant.

*Robert G. Perlman,* for respondent (appointed counsel for appeal).

HOROWITZ, C.J.—The state appeals from an order granting defendant's motion for arrest of judgment of conviction of the crime of selling dangerous drugs entered after a trial before a jury in Snohomish County Superior Court.

The assignments of error involve an interpretation and application of RCW 9.01.030, the aiding and abetting statute, with respect to RCW 69.40.060. We consider the evidence, as we must, in the light most favorable to the state.

On June 22, 1970, two minors, Michael and Scott, agreed to go to Everett, Washington, to purchase some lysergic

acid, commonly known as LSD, and marijuana. Scott, unknown to Michael, was an informer working for the Chelan County Sheriff's office. The two drove to Everett and proceeded to the residence of the defendant, a businessman. There was evidence that he was familiar with drugs and also that he was, or was willing to become, a dealer in the sale of drugs.

After entering the defendant's house, Michael asked defendant if he could obtain some LSD from him. Defendant stated he did not have any in the house due to frequent visits from narcotic agents, but that he might show him some people who might have it. They then discussed the going price of marijuana in the area, and the possibility of setting up large-scale trafficking of kilos of marijuana to Eastern Washington.

The three then proceeded in defendant's car to Madrona Beach in Snohomish County. There defendant approached several people and inquired as to whether they had any drugs. Finally defendant approached a vehicle and asked a passenger friend of his whether he had drugs or if he knew anybody who had any. The passenger said no. However, the driver, sitting in the driver's seat on the other side of the car, said yes. Thereupon, without further ado, Michael began negotiations with the driver for the purchase of LSD and marijuana, and ultimately purchased $12 worth of marijuana and $16 worth of LSD. Neither Michael nor defendant had theretofore met or knew the driver, nor had the driver theretofore met either. While these negotiations between Michael and the driver were taking place, the defendant continued to stand by the passenger side of the car and listen to the negotiations without comment.

The three then drove back to defendant's residence. While en route to defendant's home, defendant examined the purchased marijuana and gave his opinion to Michael that it was "good looking." At the residence Michael gave defendant three cigarette's worth of marijuana in payment or appreciation for defendant's help. Michael and Scott then left in their car, but were later stopped and searched by

Chelan County Sheriff's deputies, who found the purchased drugs. Michael was taken into custody. Two days later, Scott returned to defendant's home and entered into an agreement with defendant whereby the latter would sell him a kilo of marijuana for $150. Defendant told Scott not to come back again without the money.

Defendant was adjudged guilty of selling dangerous drugs by virtue of the aiding or abetting statute, RCW 9.01.030. Defendant then filed his motion in arrest of judgment and alternatively for a new trial. The court granted the former in reliance upon *State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274 (1970), filed shortly after the guilty verdict.

■ The state has appealed, contending *State v. Gladstone, supra,* to be distinguishable. It asserts that under RCW 9.01.030, enacted in 1909,[1] defendant is responsible as a principal in the sale of dangerous drugs in violation of the now repealed[2] RCW 69.40.060, originally enacted in 1939 and subsequently amended, because, first, defendant is in violation of the first portion of RCW 9.01.030 in that he aided or abetted in the commission of the crime of selling charged, and secondly, because defendant is in violation of the second portion of RCW 9.01.030, which penalizes one who

---

[1] "Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."

[2] RCW 69.40, the dangerous drug act, and RCW 69.33, the Uniform Narcotic Drug Act, were repealed in 1971 by Laws of 1971, Ex. Ses., ch. 308, § 69.50.606, and were replaced by the Uniform Controlled Substances Act, Laws of 1971, Ex. Ses., ch. 308. The new act became effective on May 21, 1971 (*see* section 69.50.607), but prosecutions for violations occurring prior to that date, as in the instant case, are not affected under section 69.50.601. It should, however, be noted that the new act, like the old, exempts purchasers from criminal penalty.

"directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit" the crime here charged. Upon considering the relationship between RCW 69.40.060 and RCW 9.01.030, we affirm. We hold that one who merely aids a purchaser in effecting a purchase of dangerous drugs is not on that account criminally responsible under RCW 9.01.030 for violating RCW 69.40.060.

The state recognizes that RCW 69.40.060, unlike the now repealed[3] 26 U.S.C. §§ 4704, 4705, does not punish the drug purchaser. *See United States v. Moses,* 220 F.2d 166 (3d Cir. 1955); *Morei v. United States,* 127 F.2d 827 (6th Cir. 1942). It punishes only the drug seller. Furthermore, the exemption of the purchaser is emphasized by the fact that RCW 69.40.060 does not expressly provide for criminal responsibility of the aider or abettor. If such responsibility exists, it must exist by implication based on RCW 9.01.030, the earlier general aiding and abetting statute. In enacting the dangerous drug act, RCW 69.40, and in placing cannabis under the provisions thereof (*see* RCW 69.40.110), the legislature evidently believed, as a matter of policy, that a purchaser should not be punished and, as well, that the penalties for possession should be more lenient than those for sale or distribution. *See* RCW 69.40.070; RCW 69.40.075. In so providing, the legislature might well have believed that the purchaser should be exempt from prosecution because he should be protected against his own improvidence or inability to resist the consummation of the sale. Furthermore, the legislature might have believed that in the interest of law enforcement an exempt purchaser might be more cooperative in identifying and assisting in the apprehension of the seller if purchasing, as such, were not a crime—at least if he had not yet obtained possession of the drug

---

[3] 26 U.S.C. §§ 4704 and 4705 were repealed in 1970. 84 Stat. 1292. New provisions dealing with the penalty for selling and possessing illegal drugs were enacted and now appear in 21 U.S.C.A. §§ 841-51. Like Washington's law, the new provisions do not make purchasing illegal drugs a crime but make both selling and possession a crime, with selling being treated as the more serious offense of the two.

purchased. *See* RCW 69.40.061; RCW 69.40.070.[4] This differ-
ence in treatment of the purchaser and seller is not inad-
vertent. It requires that proper legal significance be ac-
corded to the exemption of the purchaser.

The purchase and sale are different sides of the same
coin. *See Butler v. Thomson,* 92 U.S. 412, 23 L. Ed. 684
(1876); *Pettaway v. Commercial Automotive Serv., Inc.,* 49
Wn.2d 650, 306 P.2d 219 (1957). Yet it is important to note
the difference between a purchase and a sale. The sale
involves the transfer of title to the subject matter of the
sale from the seller to the purchaser. The purchase involves
the receipt of title to the subject matter of the sale by the
purchaser from the seller. The consensual nature of the
purchase-sale transaction requires that the purchaser coop-
erate with the seller in effecting the sale. As a matter of
abstract logic, that cooperation requires that the purchaser
aid or abet the seller in making the sale. If, however, the
substantive statute defining the crime separates the sale
transaction into its component parts, punishing only the
seller and not the purchaser, then the legal consequences
intended by this separation in treatment creates a problem
of determining legislative intent. The separation suggests
that the legislature may have intended that the purchaser,
who is directly exempted, should not lose his exemption by
indirection through application of a prior general aiding
and abetting statute. To permit the exemption to be lost by
indirection would prevent the accomplishment of those
very policies intended to be effectuated by the direct ex-
emption granted.

This reading of the purpose of the legislative exemption
from criminal responsibility of a necessary party has been
adopted in cases such as *Gebardi v. United States,* 287 U.S.
112, 77 L. Ed. 206, 53 S. Ct. 35, 84 A.L.R. 370 (1932). There
a study of the prior history of the Mann Act, to the extent
available, enabled the court to conclude that the words

---

[4]Even if guilty of possession, the prosecutor, in order to obtain the
purchaser's cooperation, could promise immunity from prosecution—a
promise which though not legally enforceable, could be honored volun-
tarily. *See State v. Johnson,* 77 Wn.2d 423, 462 P.2d 933 (1969).

"aid" or "assist" were insufficient to impose criminal responsibility upon a woman victim who voluntarily participated in the transportation for immoral purposes, which the Mann Act prohibited. Other cases, without attempting to examine the prior history of the substantive statute, simply take the position that when a purchaser is exempted, the statute retaining criminal responsibility only for the seller, the purchaser by his participation in the purchase, is not to be treated as an accomplice of the seller. *Tellis v. State,* 84 Nev. 587, 445 P.2d 938 (1968); *State v. Wolfskill,* 421 S.W.2d 193 (Mo. 1967); 23 C.J.S. *Criminal Law* § 798 (16), (18) and (20) (1961). *See State v. Emmanuel,* 42 Wn.2d 799, 259 P.2d 845 (1953). When it is recalled that an accomplice may be a principal, accessory or aider or abettor (*see* 21 Am. Jur. 2d *Criminal Law* §§ 118, 119 (1965)), one may properly conclude that such cases must be taken to support the view that an exempt purchaser, merely by virtue of his conduct in effectuating the purchase, cannot be held criminally responsible as an aider or abettor of the nonexempt seller. In *People v. Galli,* 68 Cal. App. 682, 230 P. 20 (1924), a case involving a purchaser of liquor, the court, after considering the aiding and abetting statute, approved the following from *State v. Teahan,* 50 Conn. 92, 101 (1882):

> The abettor, within the meaning of the statute, must stand in the same relation to the crime as the criminal—approach it from the same direction, touch it at the same point. This is not the case with the purchaser of liquor. His approach to the crime is from the other side; he touches it at wholly another point. . . . The purchaser of liquor, by his offer to buy, induces the seller of the liquor to make the sale; but he can not be said to "assist" him in it. The whole force, moral or physical, that went to the production of the crime as such, was the seller's.

*Accord: Tellis v. State, supra.*

What has been said about the noncriminal responsibility of the exempt purchaser applies also to his agent or one who assists the purchaser to make the purchase. *People v.*

*McCrory,* 222 N.Y.S.2d 112 (1961); *People v. Branch,* 13 App. Div. 2d 714, 213 N.Y.S.2d 535 (1961); *People v. Buster,* 286 App. Div. 1141, 145 N.Y.S.2d 437 (1955); *McBee v. State,* 119 Tex. Crim. 279, 44 S.W.2d 699 (1931); *Hobson v. State,* 175 Ark. 1169, 299 S.W. 8 (1927); *Eddy v. State,* 165 Ark. 289, 264 S.W. 832 (1924); 23 C.J.S. *Criminal Law* § 798 (18) (1961). It makes little sense to exempt the purchaser and yet hold his agent or helper criminally responsible for aiding the purchaser do what is lawful. As stated in *State v. Wallenberg,* 158 Minn. 251, 253, 197 N.W. 276, 277 (1924):

> [T]here [is] an incongruity in holding a purchaser innocent, and his agent acting for him guilty of the same offense . . .

■ Finally, it is to be remembered that mere physical presence and assent to the commission of the crime is not enough to constitute one an aider or abettor of the principal committing the crime. Something more is required. *See State v. Peasley,* 80 Wash. 99, 141 P. 316 (1914); *Jones v. Commonwealth,* 208 Va. 370, 157 S.E.2d 907 (1967).

In *State v. Gladstone, supra,* relied upon by the trial court in arresting the judgment of conviction, the court reached conclusions applicable here which are consistent with the principles discussed above. In that case, the conviction of the defendant for aiding and abetting the seller of marijuana in violation of RCW 69.40.060 was reversed on appeal. The sole evidence of aiding and abetting was the following: In response to a request by one Thompson that the defendant sell him some marijuana, defendant stated he did not have enough on hand to sell but gave Thompson oral directions, and an illustrative map which he then drew, to enable Thompson to find one Kent from whom such marijuana might be purchased. Thompson followed the directions and map. On arrival Kent sold him some marijuana and later sold him some more. The Supreme Court held that defendant's help to Thompson in effecting the purchase did not constitute aiding or abetting Kent in the sale of the marijuana. In so holding, the court made no

distinction between the two parts of RCW 9.01.030; nor did it distinguish between criminal responsibility of the purchaser in effecting the purchase and the third person defendant who, in the manner described, assisted the purchaser.

In the instant case, the evidence shows more aid to the purchaser than was shown in *State v. Gladstone, supra;* but the evidence that must control as to whether the defendant did more than merely stand by and assent to the transaction, is the testimony as to what occurred when the driver of the car volunteered that he had some marijuana to sell. The evidence below shows only aiding and abetting by the defendant for the purpose of aiding Michael make the purchase. There is no evidence that the defendant, while standing where he was during the negotiations undertaken by Michael, by word, gesture or sign, did anything to induce the seller to make the sale. For all the evidence shows, the defendant might have been willing to take his chances in making the sale, relying upon his own ability to get away. There is no evidence that the seller who was sitting alongside the passenger solicited by the defendant, had met defendant or otherwise knew of him, or that he in any respect relied upon the defendant to identify Michael or to assure him that he could safely sell the marijuana to Michael. Nor is there evidence that the seller relied upon the defendant's presence under the circumstances hereinabove described in making a sale that he would otherwise not have made. *See United States v. Moses,* 220 F.2d 166 (3d Cir. 1955). It is true that the seller would not have known the purchaser, Michael, but for the defendant's inquiries made of the passenger in the car, which the seller, who was driving the car, overheard. However, the evidence is clear that defendant's efforts were for the benefit of the purchaser in acquiring the drugs and not for the benefit of the seller in selling them. Since the purchaser cannot be held responsible as a principal by reason of his participation in the purchase, neither should the defendant be responsible for his help to the purchaser in effecting that purchase. As

in *State v. Gladstone, supra,* defendant's conduct may be said to be a link in the consummation of the ultimate purchase and therefore necessarily and coincidentally in the consummation of the ultimate illegal sale. Nevertheless, in our opinion, such conduct was not the kind of aiding or abetting condemned by RCW 9.01.030 in relation to RCW 69.40.060; and is therefore insufficient to furnish the necessary nexus between the defendant and the driver-seller.

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied September 22, 1971.

Review denied by Supreme Court November 23, 1971.