[No. 538-2.    Division Two.    September 26, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. BERT WARNOCK, JR., *Appellant*.

*Alva C. Long,* for appellant.

*S. Brooke Taylor, Prosecuting Attorney,* for respondent.

PEARSON, J.—Defendant, Bert Warnock, Jr., appeals a jury conviction and sentence imposed for the crime of unlawfully selling dangerous drugs. The information was based upon an alleged violation of RCW 69.40.060, a provision of the Dangerous Drug Act which was subsequently repealed by the Laws of 1971, 1st Ex. Sess., RCW 69.50.606,

effective May 21, 1971. Defendant's sentence was imposed in accordance with this later enactment, which is known as the "Uniform Controlled Substances Act." (RCW 69.50.)

The state's case rested solely upon the testimony of Barry G. Beck, that he had purchased four LSD pills from the defendant on January 25, 1971. These pills had been discovered in Beck's possession by a deputy sheriff at the time he had arrested Beck on January 29, 1971. The pills were stipulated to contain a dangerous drug, namely, LSD.

Three related questions are raised on appeal: (1) was Beck an "accomplice" or "co-conspirator" with defendant; (2) if so, should the case have been dismissed for lack of corroborating evidence; and (3) should defendant have been given the benefit of cautionary instructions requiring the jury to view the testimony of an accomplice with distrust?

We hold that one who purchases a dangerous drug (controlled substance) from another is neither an accomplice of nor a coconspirator with the seller.

Conspiracy to commit a crime is a gross misdemeanor in Washington. RCW 9.22.010. Under RCW 69.40, *et seq.* there was no specific conspiracy offense detailed. However, under the Uniform Controlled Substances Act, a separate crime of conspiracy is made a crime by RCW 69.50.407, which provides:

> Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Under either the repealed Dangerous Drug Act or the new Uniform Controlled Substances Act, the result is the same. A purchaser is not a coconspirator with the seller. The substantive crime of selling the drug or controlled substance requires the participation of a seller and a purchaser. Where that is the case, it is uniformly held that a separate crime of conspiracy has not occurred, so as to make them coconspirators. *See State v. Aircraft Supplies,*

*Inc.,* 45 N.J. Super. 110, 131 A.2d 571 (1957) (offense, commercial bribery); *In re Vickers' Petition,* 371 Mich. 114, 123 N.W.2d 253 (1963) (offense, abortion); *Baker v. United States,* 393 F.2d 604 (9th Cir. 1968), *cert. denied,* 393 U.S. 836, 21 L. Ed. 2d 106, 89 S. Ct. 110 (1968) (offense, receiving stolen property). *Cf. State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274 (1970), where it was held that conspiracy is a separate and distinct crime and not a lesser included offense in the substantive crime which the conspirators were alleged to have agreed to commit.

▪ The rationale of the rule is that since commission of the substantive offense requires the actions of two parties, a conspiracy charge adds nothing and consequently is not chargeable as a separate offense. Furthermore, a purchaser of illegally sold drugs is not chargeable as a seller, but only as a possessor. Different elements are contained in the two offenses and different penalties are prescribed. RCW 69.50.401(a) and RCW 69.50.401(c).[1] If the purchaser of a controlled substance may not be charged as a seller, it is inconceivable that he may be charged with conspiracy to sell such substances. We conclude that the seller and purchaser of dangerous drugs are not coconspirators.

▪ For much the same reason, defendant and Beck were not "accomplices." An accomplice to the commission of a substantive crime is one who aids and abets in its perpetration. RCW 9.01.030. In *State v. Emmanuel,* 42 Wn.2d 799, 821, 259 P.2d 845 (1953) the Supreme Court stated: "The test in this state as to whether a witness is an accomplice or not is whether he could be indicted for the same crime for which the defendant is being tried." (Citing cases.)

As previously stated, Beck, as the purchaser of the drugs (controlled substances) could not be charged with the unlawful sale. The question was recently given detailed con-

---

[1]Selling and possessing dangerous drugs were also separate and distinct offenses under the former statute under which defendant was charged. RCW 69.40.060 and RCW 69.40.061. *See State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971).

sideration in *State v. Catterall*, 5 Wn. App. 373, 486 P.2d 1167 (1971). The reasoning there is fully in accord with our views that the legislature did not intend a purchaser to be liable as a principal to the sale, via the aiding and abetting statute—RCW 9.01.030.

Defendant contends that every person apprehended with drugs in his possession can seek to escape prosecution or obtain leniency by naming the seller, and that in the "one on one" situation, justice is likely to miscarry without corroborating evidence to support the claim of the purchaser.

■ However, there are many instances in the criminal law where guilt or innocence depends solely upon the testimony of a single victim. In today's wholesale distribution of drugs to young people, we think there is a strong public policy in identifying those engaged in this illicit traffic. The young people are largely the victims of drugs. The legislative policy to protect them is demonstrated in RCW 69.50.406, where increased penalties are authorized for the distribution of controlled substances to those under the age of 18.

The corroboration requirement would effectively thwart this legislative policy and would unduly restrict law enforcement in this most crucial area.

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied November 20, 1972.

Review denied by Supreme Court January 23, 1973.