**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tony S. HERNANDEZ, Defendant-Appellant (two cases).**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sergio T. RAMOS, Defendant-Appellant.
Nos. 73–1318, 73–1425 and 73–1426.**

United States Court of Appeals,
Ninth Circuit.

June 25, 1973.

Gerald G. Eastman (argued), James H. Garcia, Phoenix, Ariz., for defendants-appellants.

Thomas N. Crowe, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHAMBERS and CARTER, Circuit Judges, and WOLLENBERG,* District Judge.

## OPINION

JAMES M. CARTER, Circuit Judge:

Case #73-1318. Tony S. Hernandez was convicted in a court trial on two felony counts in an indictment and appeals his convictions.

Case #73-1425 and #73-1426. Hernandez and Sergio T. Ramos were each convicted on two felony counts in another indictment tried before a jury. Hernandez appeals in #73–1425 and Ramos in #73-1426.

The four sentences imposed on Hernandez were all made to run concurrently, as were the sentences on the two counts under which Ramos was convicted.

The appeals were consolidated for argument.

### Contentions

Hernandez makes four contentions. Ramos makes one contention—that the trial court refused to instruct, as requested by him, on the "procuring agent" theory. We summarily consider Hernandez' contentions and consider more fully the contention of Ramos. We affirm all convictions.

### Hernandez Appeals
#### #73-1318 and #73-1425

(1) Without reciting the evidence in the first trial, we find it sufficient and find no error in the denial of the motion for judgment of acquittal. (#73-1318)

(2) The order of proof is not in question. We find the evidence of the first

---

* Honorable Albert C. Wollenberg, United States District Judge, Northern District of California, sitting by designation.

conspiracy was established by evidence independent of the evidence of which Hernandez complains. Moreover, there was evidence from which the jury could conclude that Hernandez admitted to agent Florence, his participation in the first conspiracy. As to the second conspiracy, Hernandez complains of statements by Ramos supposedly occurring on August 23, 1972, before the inception of the conspiracy. Actually, the statement occurred on August 27, 1972, during the period of the second conspiracy. (#73-1318 and #73-1425)

(3) We hold there were two conspiracies. The test as to identity of offenses is whether the "same offense" is involved in each case. Here there were different parties, different time periods, and different overt acts in the two conspiracies. The required evidence was different. In any event, if there were two conspiracies, there were also two valid substantive counts on which Hernandez was convicted and the concurrent sentence doctrine applies. (#73-1318 and #73-1425)

■ (4) Hernandez' claim that the court erroneously admitted an out-of-court admission "concerning overt acts which occurred during a period outside the period stated in the indictment," is without merit. The record is clear that the court admitted the evidence, not as to overt acts but as an admission against interest. (#73-1425)

### Ramos Appeal
#### #73-1426

■ Ramos raises a question which is apparently one of first impression under 21 U.S.C. § 841(a)(1) (1970).

The trial judge refused Ramos' requested instruction [1] on the "procuring agent" theory. The basis for the refusal

was that 21 U.S.C. § 841(a)(1) (1970), under which Ramos was charged, was a new statute materially different from former 21 U.S.C. § 174, which was involved in Ramos' principal case authority, United States v. Prince (3 Cir. 1959) 264 F.2d 850, 852–853.

We affirm and hold a "procuring agent" instruction is improper under a charge based on 21 U.S.C. § 841(a)(1).

21 U.S.C. § 841(a)(1) prohibits *distribution* of narcotics, as opposed to the *facilitation of sale* (or facilitation of transportation or concealment) prohibited under former § 174. Former § 174 was part of a conglomeration of over 50 old laws based on Congress' taxing power, which in 1970 were replaced by a cohesive statutory system rooted in Congress' powers to regulate interstate and foreign commerce. Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513, 84 Stat. 1236; *see* 21 U.S.C. § 801; 1970 U.S.Code Cong. & Adm.News, pp. 4571, 4584, 4596.

Under the new statute, "distribute" means "to deliver . . . a controlled substance." 21 U.S.C. § 802(11). "Deliver" means "the . . . transfer of a controlled substance, *whether or not there exists an agency relationship*." 21 U.S.C. § 802(8) (emphasis added). Thus, by its terms, the new statute excludes the "procuring agent" defense *in toto*.

■ Furthermore, *Prince, supra,* was a case of facilitation of *sale*. This circuit refused to apply *Prince* beyond its specific circumstances, in the facilitation of *transporation* case of Vasquez v. United States (9 Cir. 1961) 290 F.2d 897, 898–899. We had earlier indicated disapproval of the defense in a facilitation of *sale* case. Bruno v. United States (9

---

1. Defendant's Requested Instruction No. 6 reads:

"In determining whether the defendant Ramos was a distributor of the heroin, you must keep in mind the difference between dealing with a purchaser as a distributor of heroin and acting for him as a procuring agent. If you find the defendant Ramos undertook to act on behalf of a prospective [*sic*] purchaser rather than in his own behalf, and in so doing received the heroin from a third person with whom he was not associated in distributing and thereafter delivered it to the buyer, the defendant Ramos would not be a distributor and could not be convicted of distribution and conspiracy to distribute under the indictment."

Cir. 1958) 259 F.2d 8, 10. Thus it is the law of this circuit, even under the former statutes, that a "procuring agent" may properly be convicted of facilitation of *either* transportation or sale. Garcia De La Rosa v. United States (9 Cir. 1969) 418 F.2d 562, 563; *Vasquez, supra* (transportation); Cerda v. United States (9 Cir. 1968) 391 F.2d 219, 220 (per curiam), cert. denied, 393 U.S. 872, 89 S.Ct. 163, 21 L.Ed.2d 142 (sale, concealment, transportation).

█ Without limiting the new statute, we observe that one who "distributes" ("delivers") under it is akin to one who "facilitates" under the former statute, at least so far as he is engaged in handling contraband during a narcotics transaction, as here. *Cf.* United States v. Foster (1 Cir. 1972) 469 F.2d 1, 3 (26 U.S.C. §§ 4704–05). Ramos admitted on the witness stand that he had obtained a package of heroin and given it to the government informer. He thus is clearly guilty of distributing the heroin under 21 U.S.C. § 841(a)(1) (1970).

The judgments of conviction are affirmed in both cases.