UNITED STATES of America, Plaintiff-Appellee,

v.

Philip MARQUEZ, Defendant-Appellant.

No. 74-1322.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 22, 1975.

Decided Feb. 10, 1975.

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

John Kobayashi, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and Rob-ert R. Marshall, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Ralph B. Rhodes, Denver, Colo., for defendant-appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found defendant-appellant Marquez guilty of distribution of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Duran, a federal undercover agent, and Abeyta, an informer, went to Curtis Park in Denver, Colorado. The agent testified that the informer left the car in which the two were riding, and returned with defendant, whom he introduced to the agent. The agent asked defendant if he had any "dimes," a term for small packages of heroin. Defendant said that he had two. The agent gave him a $50 bill. Defendant returned $30 in change to the agent. The agent asked defendant if he could purchase from him again and he said "yes, any time."

Defendant testified that he had been a user of heroin. The informer approached him and asked if he could get any "stuff," a term which defendant understood to mean heroin. Defendant went to Richard Aragon, who was nearby, and got two "dimes" from him. The informer introduced the agent to defendant as his cousin. Defendant and informer were good friends. The heroin packages were put on the car seat. Defendant gave the agent $30 in change, and later paid the $20 to Aragon. He, defendant, made no profit out of the transaction. The informer was not called as a government witness.

■ Defendant says that he was a procuring agent for a government investigator in purchasing narcotics and was not himself a seller of narcotics. He argues that the "procuring agent" instruction approved in Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541, 543–545, cert. denied 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440, should have been given. In Lewis certain counts charged

sale of narcotics and others charged facilitation of concealment and sale. The ruling was that the "procuring agent" instruction should have been given on the sale counts but was not required on the facilitation counts. The "procuring agent" instruction is a technical defense to a charge of sale on the theory that a person acting on behalf of a purchaser participates in the purchase rather than the sale. See United States v. Masullo, 2 Cir., 489 F.2d 217, 221.

■ Defendant was charged with distribution, not sale. The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq., makes distribution an offense, § 841(a)(1), and defines "distribute" to mean "to deliver (other than by administering or dispensing) a controlled substance." § 802(11). Deliver means "the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship." 802(8). By thus broadening the drug control laws Congress "intended to nullify an agency theory of defense." Consequently, the "procuring agent" instruction is not applicable to prosecutions charging unlawful distribution in violation of § 841(a)(1). United States v. Miller, 5 Cir., 483 F.2d 61, 62, cert. denied 414 U.S. 1159, 94 S.Ct. 919, 39 L.Ed.2d 112. We agree and so do the other circuits which have considered the problem. See United States v. Pierce, D.C.Cir., 498 F.2d 712, 713; United States v. Masullo, 2 Cir., 489 F.2d 217, 220–221; United States v. Pruitt, 8 Cir., 487 F.2d 1241, 1243–1245; and United States v. Hernandez, 9 Cir., 480 F.2d 1044, 1046–1047.

■ Defendant argues that humanity and fairness require the instruction. United States v. Russell, 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366, says that government conduct must not violate that "fundamental fairness, shocking to the universal sense of justice." Here the agent testified that defendant told him that he could supply more heroin, and defendant testified that he and the informer supplied heroin to each other. There was no preconceived governmental plan or design against the defendant. His acts were voluntary and he utilized a supply source known to him previously. The agent's conduct was not outrageous. See United States v. Spivey, 10 Cir., 508 F.2d 146. Defendant's acts were within the statutory definition of "distribute." He was not entitled to the procuring agent instruction.

Defendant contends that the instructions placed the burden of proving entrapment on him. We do not agree. Taking the instructions as a whole they comply with established law. See United States v. Russell, 411 U.S. at 434–436, 93 S.Ct. 1637 and cases there cited; see also United States v. Spivey, 10 Cir., 508 F.2d 146, and Martinez v. United States, 10 Cir., 373 F.2d 810, 812–813. The evidence showed defendant's predisposition to deal in narcotics.

Affirmed.