[No. 1535-3.     Division Three.     March 24, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. RANDALL LAWRENCE SHERMAN, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney*, and *James M. Parkins, Deputy*, for appellant.

*Richard Cease, Public Defender*, and *Richard F. Ayres, Jr., Deputy*, for respondent.

MUNSON, J.—The State appeals from an order granting defendant's motion for arrest of judgment following defendant's conviction of delivery of a controlled substance, RCW 69.50.401(a).[1]

The issue presented is whether the "purchaser-agent exemption" as noted in *State v. Catterall*, 5 Wn. App. 373, 376-78, 486 P.2d 1167 (1971),[2] interpreting RCW 69.40.060[3] (now repealed), continues to exist within the provisions of RCW 69.50.401(a), the Uniform Controlled Substances Act. We hold that the purchaser-agent exemption is not applicable under the provisions of RCW 69.50.401(a).

The facts, as presented in the trial court's memorandum opinion, are not in serious dispute:

---

[1]"(a) Except as authorized by this chapter, it is unlawful for any person to *manufacture, deliver,* or *possess* with intent to manufacture or deliver, a controlled substance." (Italics ours.)

[2]"The state recognizes that RCW 69.40.060 . . . does not punish the drug purchaser. . . . It punishes only the drug seller. . . . In enacting the dangerous drug act, RCW 69.40, and in placing cannabis under the provisions thereof (*see* RCW 69.40.110), the legislature evidently believed, as a matter of policy, that a purchaser should not be punished and, as well, that the penalties for possession should be more lenient than those for sale or distribution. *See* RCW 69.40.070; RCW 69.40.075. In so providing, *the legislature* might well have *believed that the purchaser should be exempt* from prosecution because he should be protected against his own improvidence or inability to resist the consummation of the sale. Furthermore, the legislature might have believed that in the interest of law enforcement an exempt purchaser might be more cooperative in identifying and assisting in the apprehension of the seller if purchasing, as such, were not a crime—at least if he had not yet obtained possession of the drug purchased. . . . This difference in treatment of the purchaser and seller is not inadvertent. It requires that proper legal significance be accorded to the exemption of the purchaser." (Footnotes and citations omitted. Italics ours.) The court went on and stated:

"What has been said about the noncriminal responsibility of the exempt purchaser applies also to his agent or one who assists the purchaser to make the purchase."

[3]RCW 69.40.060, repealed in 1971, read in part: "(1) It shall be unlawful for a person, firm, or corporation to sell, give away, barter, exchange or distribute amytal, luminal, . . . (2) It shall be unlawful for a person, firm or corporation to sell, give away, barter, exchange or distribute any part of the plant Cannabis Sativa L., . . . or to sell, give away, barter, exchange or distribute any drug found by federal law . . . to have a potential for abuse . . ."

O'Dell, an undercover officer, approached Kathy about buying some marijuana. She took him to the home of a girl friend, one Terry, where they thought some might be purchased. At Terry's home they came upon the defendant, who was Terry's boy friend; he was working on a car. Kathy asked him if he had any dope. He said not, but he knew a place where up to a pound could be purchased. He went with O'Dell to a home on South Grant. On arriving there, O'Dell gave defendant $10.00 for the purchase of a "lid." Defendant went in the home, exchanged the $10.00 for the "lid" and returned to the car within a moment. He then "delivered" the lid to the agent.

The trial court in stating the issue noted:

Reduced to essentials, the question presented by this motion is whether one who aids in the purchase of drugs is himself guilty of delivery merely because the exchange of money and drugs is through him.

and concluded that the purchaser-agent exemption continued to exist within the provisions of RCW 69.50.401(a). We disagree.

█ Marijuana is a controlled substance, RCW 69.50.204(d)(10); it is unlawful to "deliver" a controlled substance, RCW 69.50.401(a). Delivery is defined in RCW 69.50.101(f):

(f) "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

The defendant actually transferred a controlled substance from one person to another. He therefore violated RCW 69.50.401(a). *State v. Walker*, 82 Wn.2d 851, 514 P.2d 919 (1973); *State v. Warnock*, 7 Wn. App. 621, 501 P.2d 625 (1972); and *State v. Catterall*, *supra*, are distinguishable because they did not involve the charge of delivery.

The statutory distinction between a sale and a purchase, as relied upon in *Catterall*,[4] served as the basis for conclud-

---

[4] "If, however, the substantive statute defining the crime separates the sale transaction into its component parts, punishing only the seller and not the purchaser, then the legal consequences intended by this

ing that the purchaser or his agent was exempt from the provisions of RCW 69.40.060 (now repealed). Under the former provision, the defined unlawful activity was the "sale," not the purchase, of a controlled substance; RCW 69.50.401 makes no such distinction.[5] RCW 69.50.410 is not applicable because it is not the basis for this charge.[6]

When the legislature adopted the language of RCW 69.50.401, we assume it meant what it said in defining delivery, RCW 69.50.101(f). The order and arrest of judgment is reversed; the verdict is reinstated, and the case remanded for further disposition in accordance with this opinion.

McINTURFF, C.J., and GREEN, J., concur.

---

separation in treatment creates a problem of determining legislative intent. The separation suggests that the legislature may have intended that the purchaser, who is directly exempted, should not lose his exemption by indirection through application of a prior general aiding and abetting statute. To permit the exemption to be lost by indirection would prevent the accomplishment of those very policies intended to be effectuated by the direct exemption granted." *State v. Catterall, supra* at 377.

[5]*Cf. United States v. Marquez,* 511 F.2d 62 (10th Cir. 1975); *United States v. Bailey,* 505 F.2d 417, 419 n.1 (D.C. Cir. 1974), *cert. denied,* 420 U.S. 961, 95 S. Ct. 1350 (1975); *United States v. Pierce,* 498 F.2d 712 (D.C. Cir. 1974); *United States v. Hernandez,* 480 F.2d 1044 (9th Cir. 1973).

[6]RCW 69.50.410(1)(a):

"(1) Except as authorized by this chapter it shall be unlawful for any person to sell for profit any controlled substance or counterfeit substance classified in Schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana.

"For the purposes of this section only, the following words and phrases shall have the following meanings:

"(a) 'To sell' means the passing of title and possession of a controlled substance from the seller to the buyer for a price whether or not the price is paid immediately or at a future date."