(612 P.2d 1268)
No. 51,187

STATE OF KANSAS, *Appellee,* v. ROBERT HAYNES, *Appellant.*

Opinion filed July 3, 1980.

*J. Steven Schweiker,* of David R. Gilman & Associates, of Overland Park, for appellant.

*Susan Ellmaker,* assistant district attorney; *Dennis W. Moore,* district attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before MEYER, P.J., REES and PARKS, JJ.

MEYER, J.: Robert Haynes (appellant) appeals from his conviction by jury trial of the crime of selling phencyclidine (PCP).

In early 1978, Officer John Holtz was working with the City-County Investigative Squad as an undercover agent. One Gary Thompson (apparently not a police officer) was also working with the squad. Thompson introduced Officer Holtz to the appellant. Thompson was killed in a car accident prior to trial.

Appellant testified that on February 14, Thompson called to find out when Holtz would be by appellant's house. About a half hour later Holtz called and said he would be coming over to appellant's house. Then Thompson called again and said he had more stuff for Holtz and that he would bring it to appellant's house if appellant would deliver it to Holtz. Thompson dropped off three containers of PCP for Holtz. After Thompson left, Holtz called and then came by, purchased the PCP, and left. Thompson

then came by to pick up the money and gave appellant some whiskey which they drank together. Appellant further testified that Holtz repeatedly called him and told him that he wanted some drugs. Holtz, also, testified that he initiated almost all of the phone calls, not the other way around.

In rebuttal, the jury heard two taped telephone conversations, allegedly between Holtz and appellant, leading up to the transaction of February 14. In the first, appellant offered Holtz some PCP and in the second appellant again asked if Holtz wanted the PCP and set the time at which the officer was to make the buy.

The sole issue in this case is: Did the district court's giving of instruction No. 16 (the aiding and abetting instruction, PIK Crim. 54.05) immediately previous to instruction No. 17 (the procuring agent instruction, PIK Crim. 54.14-A [1979 Supp.]) constitute reversible error?

Instructions No. 16 and 17, as given by the court, are as follows:

### "INSTRUCTION NO. 16

"A person is criminally responsible for the conduct of another when, either before or during the commission of a crime, and with the intent to promote or assist in the commission of the crime, he intentionally aids or advises the other to commit the crime."

### "INSTRUCTION NO. 17

"It is a defense to the charge against the defendant for the sale of cocaine and phencyclidine that the defendant acted only as a procuring agent for the purchaser.

"A procuring agent for the purchaser is a person who, by agreement with the purchaser, buys or procures an article or a substance at the request of and for the purchaser. The agreement may be written, oral or implied by the behavior of the parties.

"It is not a defense where the defendant acted as a seller or as an agent for a seller."

It is appellant's claim that the giving of the aiding and abetting instruction had the effect of nullifying the procuring agent instruction. Appellant complains that the effect is that if the jury found that he aided and abetted the sale of PCP, they could find him guilty regardless of whether he acted as a procuring agent who merely aided the purchaser. Appellant claims that the two instructions are contradictory and repugnant and had the effect of misleading and confusing the jury.

Appellee claims there was ample evidence from which the jury could conclude that the appellant was aiding and abetting someone other than the purchaser in the transaction for which he was

convicted. Appellee then concludes its argument by stating the trial court must instruct the jury on the law applicable to the theories of both sides of the case.

Kansas first recognized the procuring agent defense in the sale of narcotics in *State v. Osburn,* 211 Kan. 248, 505 P.2d 742 (1973). If the appellant acted as an agent for a purchaser, and not for a seller, then he is not guilty of an unlawful sale in procuring the unlawful substance. See *State v. Luginbill,* 223 Kan. 15, 574 P.2d 140 (1977); *State v. Collins,* 217 Kan. 418, 536 P.2d 1382 (1975); *State v. Wheeler,* 215 Kan. 94, 523 P.2d 722 (1974).

"[A]n instruction should be given on the procuring agent defense when the evidence is susceptible of proving both theories, sale or agency." *State v. Osburn,* 211 Kan. at 252.

Kansas has not ruled on whether an aiding and abetting instruction can be given at the same time as a procuring agent instruction.

Appellant cites *State v. Catterall,* 5 Wash. App. 373, 486 P.2d 1167 (1971), for the proposition that a procuring agent who merely aids the purchaser in effecting the purchase of dangerous drugs is not on that account criminally responsible as an aider or abettor of the sale.

In *Catterall,* the defendant was adjudged guilty of selling dangerous drugs by virtue of the aiding and abetting statute. The trial court granted a post-trial motion to arrest judgment and the State appealed. The motion to arrest judgment was affirmed on appeal as there was not sufficient evidence linking defendant with the seller. The evidence showed rather that defendant merely acted as an agent for the purchaser. The court specifically held that one who aids a *purchaser* in effecting a crime is not on that account criminally responsible for aiding and abetting in the commission of the crime of selling. The rationale for the decision in *Catterall* was as follows:

"The consensual nature of the purchase-sale transaction requires that the purchaser cooperate with the seller in effecting the sale. As a matter of abstract logic, that cooperation requires that the purchaser aid or abet the seller in making the sale. If, however, the substantive statute defining the crime separates the sale transaction into its component parts, punishing only the seller and not the purchaser, then the legal consequences intended by this separation in treatment creates a problem of determining legislative intent. The separation suggests that the legislature may have intended that the purchaser, who is directly exempted, should not lose his exemption by indirection through application of a prior

general aiding and abetting statute. To permit the exemption to be lost by indirection would prevent the accomplishment of those very policies intended to be effectuated by the direct exemption granted.

. . . .

"What has been said about the noncriminal responsibility of the exempt purchaser applies also to his agent or one who assists the purchaser to make the purchase. . . . It makes little sense to exempt the purchaser and yet hold his agent or helper criminally responsible for aiding the purchaser to do what is lawful." 5 Wash. App. at 377-79.

The appellant's argument that the giving of a general aiding and abetting instruction nullified the specific exemption of the procuring agent from criminal culpability assumes that the aiding and abetting instruction mandates the jury to convict even if they find that he was merely aiding the purchaser. This is not the case.

The aiding and abetting instruction in this case was given for the purpose of allowing the jury to find that the defendant was an agent of the *seller.*

In *Catterall,* the appellate court was convinced that the jury could only have found that defendant was aiding and abetting a purchaser. They noted that there was not sufficient evidence linking the defendant with the seller. This, we conclude, is why they held the conviction for aiding and abetting to be error.

In the instant case, however, appellant's own testimony was that the seller arranged all of the drug deals and his testimony thus would not be consistent with a procuring agent defense. The appellant, in order to avail himself of the procuring agent defense, must be an agent of the purchaser and not the seller. His own testimony indicates he was doing this for the seller at the seller's request. The question of whether the seller was setting him up would go to the defense of entrapment about which the jury was adequately instructed.

Moreover, the testimony of Officer Holtz, the purchaser, indicated that appellant was acting for himself. Holtz testified that he went to appellant's residence to purchase four "dimes" of PCP at ten dollars each as arranged in the second taped conversation. The appellant, however, informed Holtz that he had only three dimes left. He stated that a friend had just stopped by prior to the officer's arrival and that appellant had sold him one dime. The appellant also told the officer that he had tried a dime and that he had gotten a good high. Officer Holtz also testified that they then discussed getting larger quantities. Appellant informed Holtz

that his source for PCP lived in Argentine, Kansas, not in Liberty, Missouri, where the seller lived. According to Holtz, the appellant told him he had purchased a gram of PCP which he had cut into twelve dimes. One of them he had tried himself; one he had sold to a friend just before Holtz came by. Holtz testified that as he prepared to leave appellant's residence on February 14, the appellant told him to call in about 20 minutes because his cocaine source was on the telephone. Holtz further stated that he did not have any contact with the seller prior to each purchase. There was thus ample evidence from which the jury could conclude that the appellant was aiding and abetting someone other than the purchaser in the transaction for which he was convicted.

In a criminal action it is the duty of the trial court to instruct the jury on the law applicable to the theories of both the prosecution and the accused so far as they are supported by any competent evidence. See *State v. Kleber,* 2 Kan.. App. 2d 115, 575 P.2d 900, *rev. denied* 225 Kan. 846 (1978).

We conclude that it was proper for the trial court to give instruction No. 16, the aiding and abetting instruction, since there was ample evidence to support the giving of such instruction. We also note that the procuring agent instruction, No. 17, is most specific in stating that there is a valid defense when a defendant is acting only for a purchaser, but not when he is acting for the seller or as agent for the seller. We think it highly unlikely that the jury was misled and convicted the appellant for aiding and abetting the purchaser, considering the specificity of these instructions. This seems particularly clear in view of the evidence that the appellant was either acting for the seller, for another drug dealer, or for himself.

We believe that PIK Crim. 54.05, when given in conjunction with a procuring agent instruction, should include words which specifically denote that the jury should only hold defendant guilty of aiding and abetting a *seller.* However, under the circumstances of this case, the giving of the instruction was not error.

We conclude that there is no reversible error in this case.

Affirmed.