**UNITED STATES of America**

**v.**

**Marquette PIERCE, Appellant.**

**No. 73–1583.**

United States Court of Appeals District of Columbia Circuit.

May 14, 1974.

Theodore J. Christensen, Washington, D. C. (appointed by this court) was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, and John A. Terry, John O'B. Clarke, Jr., and Steven R. Schaars, Asst. U. S. Attys, were on the brief for appellee.

Before McGOWAN and TAMM, Circuit Judges, and EDWARDS,* Circuit Judge for the Sixth Circuit.

PER CURIAM:

Appellant was convicted by the District Court, on stipulated facts and without a jury, of distributing, and of possessing with intent to distribute, heroin in violation of 21 U.S.C. § 841(a). Prior to trial, the court denied a motion to dismiss the indictment on the ground of excessive delay, assertedly amounting to a denial of due process, in proceeding against appellant after the commission of the offense. *See* Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). The court also announced that it would, as requested by the prosecution, dispense with the giving of the so-called purchasing agent instruction used on occasion in cases arising under the predecessor statute.[1] The stipulated

---

* Sitting by designation pursuant to Title 28 U.S.Code § 291(a).

1. The statute under which appellant was charged is a part of the Comprehensive Drug Abuse Prevention and Control Act of 1970. This new act represented a thoroughgoing revision of the federal narcotics statutes and, in particular, explicitly repealed the Harrison Narcotic Act which originated in 1914.

facts, and the basis of the court's rulings in these two respects, appear in its memorandum opinion reported at 354 F.Supp. 616 (D.D.C.1973). Those rulings constitute the issues raised on this appeal.

■ As to the first, the District Court found that under all the circumstances the delay in question was "not so protracted or prejudicial or so likely to produce the mistaken identity as to justify the dismissal of the indictment." Our examination of the record provides us with no basis for disturbing this conclusion of the District Court.

■ Similarly, we find that the District Court was on sound ground in refusing to give the purchasing agent instruction. As it pointed out, the charge in this case is not that appellant *sold*, but that he *distributed*, a controlled substance; and the new statute expressly defines "distribution" as meaning "to deliver." Moreover, the words "deliver" or "delivery" are defined in the statute to mean "the actual, constructive, or attempted transfer of a controlled substance, *whether or not there exists an agency relationship*." [Emphasis supplied.]

■ The purchasing agent instruction came into being in connection with the prohibition upon the "sale" of narcotics imposed by the Harrison Act, 26 U.S.C. § 4705(a). This court has heretofore held that the instruction was not required in connection with 26 U.S.C. § 4704(a), which included distribution, or under 21 U.S.C. § 174 (now also repealed), which was addressed to facilitating the concealment of a narcotic drug. Lewis v. United States, 119 U.S. App.D.C. 145, 337 F.2d 541 (1964). The distinction between "sale", on the one hand, and "distribution", on the other, has been made even more pointed by Congress in the definition of the latter term contained in the successor statute, as other circuits have recently recognized. United States v. Workopich, 479 F.2d 1142, 1147 (5th Cir. 1973); United States v. Miller, 483 F.2d 61 (5th Cir. 1973); United States v. Hernandez, 480 F.2d 1044, 1046 (9th Cir. 1973). We agree with this approach, and we think the District Court ruled correctly in refusing to give this instruction.

Affirmed.