**UNITED STATES of America**

v.

**Joseph W. BAILEY, Appellant.**

**UNITED STATES of America**

v.

**David SLOAN, Appellant.**

**Nos. 73–1693, 73–1832.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 3, 1974.

Decided Oct. 17, 1974.

Rehearing Denied in No. 73–1832 Nov. 14, 1974.

Certiorari Denied March 3, 1975. See 95 S.Ct. 1350.

---

of heroin between a government informer and a government agent on the one hand and a narcotics supplier on the other.

■ During his opening statement at trial, government counsel stated that Mr. Knight, the government informer, had, prior to February 3, 1972, purchased heroin through appellants. Following the opening statement, appellants moved for a mistrial based on this mention of appellants' prior narcotics involvement. After eliciting from counsel that Bailey's defense would be entrapment and "purchasing agent"[1] and that Sloan's defense would be "purchasing agent", the trial judge denied the motion. He also ruled preliminarily that testimony by Knight as to the previous narcotics offenses would be admissible in the government's case-in-chief. The trial judge based these rulings on the doctrine that a defendant's prior offenses can be introduced for the purpose of showing common scheme, plan, intent, motive, identification and modus operandi.

During the government's case-in-chief, and after a government proffer out of the jury's presence, the trial judge ruled again that Knight could testify to previous narcotics offenses of Sloan and Bailey. Nothing was offered to indicate that either appellant was arrested or convicted for these offenses.

■ This court has recognized that evidence of a defendant's prior offenses may be admissible to show factors such as identity, intent, motive and common

---

Frank F. Flegal, Washington, D. C. (appointed by this Court), for appellant in No. 73–1693. Donald A. Kaul, Washington, D. C. (appointed by this Court), with whom Alpheus E. Forsman, Washington, D. C., was on the brief, for appellant in No. 73–1832.

Joseph B. Valder, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and John J. Mulrooney, Asst. U. S. Attys., were on the brief for appellee.

Harold H. Titus, Jr., U. S. Atty. at the time the record was filed and Albert H. Turkus, Asst. U. S. Atty., also entered appearances for appellee in No. 73–1693.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

BAZELON, Chief Judge.

David Sloan and Joseph Bailey are appealing from a conviction for distributing heroin in violation of 21 U.S.C. § 841(a). Evidence developed at trial indicated that on February 3, 1972 appellants served as intermediaries in a sale

---

1. The source of the "purchasing agent" defense is the reading that was given a now repealed provision, 26 U.S.C. § 4705(a), which made it unlawful to "sell, barter, exchange, or give away narcotic drugs . . ." As this provision was interpreted, a defendant could avoid culpability under the statute by proving that in a given sale in which he was an intermediary he was acting as an agent for the ultimate purchaser rather than as a seller himself. *See* Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541, 544 (1964), cert. denied, 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440 (1964); Kelley v. United States, 107 U.S.App.D.C. 122, 275 F.2d 10 (1960). It was the contention of Sloan and Bailey that the "purchasing agent" defense survived the repeal of 26 U.S.C. § 4705(a) and its replacement by 21 U.S.C. § 841(a), a broader statute which makes it unlawful to distribute or possess with the intent to distribute a controlled substance. While the trial judge did give a "purchasing agent" instruction in this case, this court has subsequently ruled that "purchasing agent" is not a valid defense under 21 U.S.C. § 841(a). United States v. Pierce, 162 U.S.App.D.C. 170, 498 F.2d 712 (1974).

plan *"provided* that its probative value outweighs its prejudicial effect."[2] This proviso demonstrates our sensitivity to the danger that such evidence may lead a jury to conclude that a defendant's bad character or general disposition to commit crimes justifies his conviction for a given charged offense.[3]

■ This same sensitivity leads us to note two ways in which the danger of prejudice could have been lessened in the present case without in any way restricting the introduction of properly admissible evidence. First, the government should not have mentioned appellants' prior offenses in its opening statement. Such mention irretrievably puts before a jury the fact that a defendant has been involved in prior criminal activity. If later government efforts to introduce evidence of the prior offenses prove unavailing, the jury is still left aware of these offenses and, even with a cautionary instruction, the chances of prejudice are still significant.[4] On the other hand, the government loses little by delaying its mention of the previous offenses until at least the presentation of its case-in-chief.

■ Secondly, the trial judge should not have made even a preliminary ruling on the admissibility of the other offenses evidence in the government's case-in-chief without requiring a proffer of that evidence out of the hearing of the jury. Such a proffer serves three purposes. First, as with the banning of the mention of other offenses in opening statements, it shields the jury from potentially inadmissible prejudicial evidence. Secondly, it gives the trial judge a basis on which to balance the probative value against the prejudicial effect of the evidence.[5] Finally, it allows the trial judge to probe as to whether it might be more desirable to defer admitting the evidence until the government's rebuttal.[6]

■ While these errors are not insignificant, they do not warrant reversal in this particular case. The trial judge's *final* ruling as to the admissibility of the other offenses evidence in the government's case-in-chief was made after a proffer of the evidence out of the hearing of the jury. Moreover, especially given the character of the appellants' defenses, it was apparently within the trial judge's discretion to admit the evidence.[7] Finally, the weight of the evidence against the appellants was overwhelming. Both appellants admitted

2. United States v. Fench, 152 U.S.App.D.C. 325, 470 F.2d 1234, 1240 (1972), cert. denied, 410 U.S. 909, 94 S.Ct. 964, 35 L.Ed.2d 271 (1973) (emphasis in original); Bradley v. United States, 140 U.S.App.D.C. 7, 433 F.2d 1113, 1119 (1969).

3. *See* United States v. Bobbitt, 146 U.S.App. D.C. 224, 450 F.2d 685, 688 (1971); Bradley v. United States, 140 U.S.App.D.C. 7, 433 F.2d 1113, 1117–1118 (1969).

4. *See* Awkward v. United States, 122 U.S. App.D.C. 165, 352 F.2d 641, 645–646 (1965).

5. Factors relevant to this balancing include the government's need for the evidence, Bradley v. United States, *supra* note 3, 433 F.2d at 1120, the magnitude of the contribution of the evidence toward proving the element in question, *id.* at 1119, and the reliability of the evidence. McCormick on Evidence 451–52 (1972 ed.).

6. *See* United States v. Fench, 152 U.S.App. D.C. 325, 470 F.2d 1234, 1240 (1972). Assuming that witnesses are called for the defense so that there is opportunity for government rebuttal, delaying the introduction of evidence of other offenses until that time may allow the trial judge to more accurately weigh the probative value against the prejudicial effect of that evidence. As this court has noted with regard to the role of the prosecution, "[t]he problem [of prejudice] is sufficient . . . for us to note that the prosecution would be wise to preserve . . . evidence [of other offenses] for rebuttal, after the defense case has been sharpened and the judge may therefore more accurately consider the degree of relevancy and the potential for abuse." United States v. Jones, 155 U.S.App.D.C. 127, 476 F.2d 533, 537 (1973).

7. The raising of the entrapment defense makes evidence of other offenses tending to show predisposition to commit a specific type of crime potentially admissible. *See* United States v. Russell, 411 U.S. 423, 429, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); Wharton's Criminal Evidence § 258 (1972 ed.). The raising of the "purchasing agent"

playing a role in the heroin transaction at issue. Their admitted participation in the offense was significant enough to come under the rubric either of distributing heroin or aiding and abetting in its distribution. The purchasing agent defense offered by both appellants, has, since their trial, been found by this court to be invalid. See note 1 *supra*. Additionally, little evidence of any weight was offered to support a successful entrapment defense.

While affirming these convictions, we stress again that the chances of undue prejudice to a defendant are significant enough that mention of previous offenses should not be made in opening statements and should be allowed into evidence only after being made the subject of a full proffer to the trial judge. In this way, the conflict between the usefulness of such evidence and its potential for prejudice can more fairly be resolved.

defense, see note 1 *supra*, implies a denial by a defendant that he had the requisite intent sufficient to sustain a conviction for distributing narcotics. Evidence of other offenses can be admitted to rebut that denial of intent. *See* United States v. Fench, 152

U.S.App.D.C. 325, 470 F.2d 1234, 1240 (1972). Of course, in order to be admissible, the evidence of other offenses must also have more probative value than prejudicial effect.