UNITED STATES of America, Appellee,

v.

Randolph E. SNOW, Appellant.

No. 75–1403.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1975.

Decided March 29, 1976.

Alan J. Cilman, Alexandria, Va., for appellant.

Elsie M. Powell, Asst. U. S. Atty., Annandale, Va. (William B. Cummings, U. S. Atty., Norfolk, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

BOREMAN, Senior Circuit Judge:

Appellant, Randolph Snow, appeals his conviction of aiding and abetting one George Fediay in the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Snow was tried by a jury, found guilty, and sentenced to three years imprisonment, service of two and one-half years of which was suspended. George Fediay entered a plea of guilty to conspiracy to distribute cocaine, and upon acceptance of his plea the charge of distribution of a controlled substance, cocaine, was dismissed.

The record indicates that on July 24, 1974, David Woodside, a government informer, introduced Charles Story, a government narcotics agent, to both Fediay and Snow. Story, acting in an undercover capacity, purchased cocaine from Fediay at his first meeting in the District of Columbia and a second agent, Ray Malczewski, observed this transaction from a distance. Snow was present at the sale, but did not handle either the drugs or the money. Less than two months later, Snow approached Story at a bar in the District of Columbia whereupon Story indicated that he wanted to purchase more cocaine. Snow arranged a meeting between Story and Fediay the following day, September 9, 1974, at Snow's Arlington, Virginia, residence. At that meeting the three men discussed and arranged the sale of a "bag" of cocaine and Fediay delivered the "bag" to Story for fourteen hundred dollars. Again Snow did not handle either the money or the bag of cocaine, although he was present throughout the exchange. After the transaction was concluded Fediay gave Snow twenty dollars.

Snow was subsequently arrested in the District of Columbia on charges arising out of the Virginia transaction and was brought before a federal magistrate in the Eastern District of Virginia. Upon Snow's petition, however, District Judge Bryan returned the case to the District of Columbia for a preliminary hearing. At this hearing, Snow was bound over to answer any indictment which might be returned against him by the grand jury in the Eastern District of Virginia. The grand jury for the Eastern District of Virginia indicted Fediay and Snow on a charge of distribution of cocaine in Virginia. Snow then moved the district court for a change of venue to the District of Columbia, but District Judge Lewis denied his motion. With Judge Bryan presiding, Snow was tried and convicted by a jury on the charge brought against him in Virginia.

On appeal, Snow raises four issues: (1) whether the Assistant United States Attorney's failure to comply with the Jencks Act, 18 U.S.C. § 3500, requires reversal; (2) whether the court erred in refusing to allow Snow the opportunity to present a "purchasing agent" defense; (3) whether the district court erred in denying Snow's motion for a change of venue; and (4) whether Snow could be convicted of aiding and abetting the distribution of a controlled substance when the distribution charge against the principal, Fediay, had been dismissed.

Snow's first contention is that the government attorney failed to comply with the Jencks Act, 18 U.S.C. § 3500. The record indicates that Snow's attorney stated at trial that he had received no "grand jury testimony" and the Assistant United States Attorney responded that the Government had "no recorded grand jury testimony" in the case. The Assistant United States At-

torney stated that several months after the conclusion of Snow's trial she learned that testimony concerning the earlier District of Columbia transaction given by Woodward, Story and Malczewski before a District of Columbia grand jury had been reported and transcribed. She has submitted an affidavit to this court in which she states that, at the time the request for Jencks Act material was made, she was unaware that testimony before the grand jury of the District of Columbia had been reported and transcribed and she had no intention of deceiving, misleading or perpetrating a fraud upon the court or the defendant.

■ The purpose of the Jencks Act is to make any existing prior statement of a government witness concerning matters covered by direct examination equally available to the defense and the prosecution. *United States v. Cruz*, 478 F.2d 408 (5 Cir.), *cert. denied, see Aleman v. United States*, 414 U.S. 910, 94 S.Ct. 259, 38 L.Ed.2d 148 (1973). Since it is ordinarily difficult upon review of a cold record to ascertain the value to the defense of a statement withheld, violation of the Act should be excused only where it is perfectly clear that the defense was not prejudiced by the omission. *United States v. Missler*, 414 F.2d 1293 (4 Cir. 1969).

The material in question herein was the recorded testimony of three witnesses before a District of Columbia grand jury concerning the earlier D. C. drug transaction which involved Snow. The statement of one grand jury witness, Woodside, was clearly not within the scope of the Jencks Act since Woodside did not testify at Snow's trial. *United States v. Anderson*, 481 F.2d 685 (4 Cir. 1973), *aff'd on other grounds*, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974). The statements of the other two witnesses, Story and Malczewski, who testified at Snow's trial, arguably may have been Jencks Act material as defined by 18 U.S.C. § 3500(e)(3).

We find it unnecessary, however, to reach the question of whether transcribed grand jury testimony pertaining to another alleged crime, given in another district, is within the scope of the Jencks Act since it is clear that Snow was not prejudiced by the prosecution's failure to produce the two statements.

■ As to Agent Malczewski, the grand jury testimony withheld did not relate to the same incidents about which he testified at trial, thus making the grand jury testimony inadmissible for cross-examination. As to Agent Story, it is clear that substantially the same information was furnished to defense counsel from other sources. Snow does not suggest in what particular the grand jury testimony would have been helpful in the cross-examination of the two agents or that the absence of such testimony prejudiced his defense. Instead, Snow's counsel concerns himself in his brief with berating the prosecution for what he terms the deliberate and deceptive suppression of Jencks Act material. There is no evidence, however, which indicates that the Assistant U. S. Attorney for the Eastern District of Virginia either had knowledge at the time of the trial that the District of Columbia grand jury testimony had been recorded or had access to such testimony. Thus, we conclude that any violation of the Jencks Act which may have resulted from the failure of the government attorney to provide transcripts of this testimony was unintentional. An unintentional violation of the Jencks Act is not, in itself, sufficient reason to grant relief from a conviction. In the absence of any indication of prejudice to Snow the instant case falls within "that narrow group of cases where an unintentional violation of the Jencks Act should be excused." *United States v. Curry*, 512 F.2d 1299, 1307 (4 Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50, 44 U.S.L.W. 3201 (1975); *United States v. Atkinson*, 513 F.2d 38, 42 (4 Cir. 1975).

■ Snow's second contention is that the district court erred in refusing to permit a "purchasing agent" defense. He contends that such a defense would have allowed the jury to determine whether he was aiding in the distribution of an illegal drug or whether, as he contends, he was

merely aiding a government agent in a purchase. Although Snow concedes that the "purchasing agent" theory has been rejected by every court which has addressed the question since the enactment of the Comprehensive Drug Abuse and Control Act of 1970, 21 U.S.C. § 801, *et seq.*, he attempts to distinguish the present case by characterizing it as unique in that he did not handle the drugs, physically deliver the drugs, or receive any money from the government agent. The applicable section of the Act defines "deliver" as "the actual, *constructive*, or attempted transfer of a controlled substance, *whether or not there exists an agency relationship.*" 21 U.S.C. § 802(8) (emphasis added). We agree with the district judge that the statute, by its terms, completely excludes a "purchasing agent" defense. *See United States v. Pierce*, 162 U.S.App.D.C. 170, 498 F.2d 712 (1974); *United States v. Pruitt*, 487 F.2d 1241 (8 Cir. 1973); *United States v. Fletcher*, 487 F.2d 22 (5 Cir. 1973); *United States v. Hernandez*, 480 F.2d 1044 (9 Cir. 1973); *United States v. Masullo*, 489 F.2d 217 (2 Cir. 1973). Furthermore, Snow's activities clearly indicate an affirmative involvement in contacting the seller and bringing the seller and buyer together. Although, according to the evidence, Snow did not touch either the drugs or the money in the exchange, there was sufficient evidence to show that he was involved in a constructive transfer of the drugs in violation of the Act.

■ Snow's third point is that the district court erred in denying the request for a change of venue to the District of Columbia pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. The thrust of his contention is that the Government was "forum shopping" and "manufactured jurisdiction" by arranging a second drug transaction in Virginia. He contends that since the first crime allegedly occurred in the District of Columbia and he was arrested there, his case should have been transferred there so that there could be one trial arising out of both sales. We reject this contention. Snow was a Virginia resident; the crime charged allegedly occurred at his home in Virginia and he was brought before a federal magistrate in Virginia after his arrest. It is clear that original venue was properly laid in the Eastern District of Virginia. In addition, there has been no showing that the requested transfer would have substantially served the convenience of the parties or the witnesses. Snow has neither an absolute statutory right nor a constitutional right to a change of venue, and the district court did not abuse its discretion in denying Snow's motion. *See Jones v. Gasch*, 131 U.S.App.D.C. 254, 404 F.2d 1231, *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286 (1967).

■ Snow's final argument is that he cannot be convicted of aiding and abetting George Fediay in the distribution of cocaine because the distribution charge against Fediay was dismissed. Snow contends that an aider and abettor cannot be held liable for a crime that was dismissed against the principal. He relies upon *United States v. Shuford*, 454 F.2d 772 (4 Cir. 1971), in which this court held that if the only potential principal is *acquitted*, no crime has been established and the conviction of an aider and abettor cannot be sustained. In the present case, however, the principal, George Fediay, was not acquitted; the charge against him was *dismissed* after he pleaded guilty to the charge of conspiracy. The Government presented evidence at Snow's trial establishing that the offense had in fact been committed by the principal, Fediay, and that he was aided and abetted by Snow. This court has held that, in reviewing the conviction of an aider and abettor, "[i]t need only be established that the act constituting the offense was in fact committed by someone." *Meredith v. United States*, 238 F.2d 535, 542 (4 Cir. 1956). In the instant case the evidence proved conclusively that the substantive offense of distribution was committed by Fediay and the dismissal of that charge, following his plea of guilty to conspiracy to distribute cocaine, was not a judicial determination that he was not guilty of the substantive offense. Snow's conviction will be affirmed.

*Affirmed.*