UNITED STATES of America

v.

Gregory C. BURROUGHS, Appellant.

No. 90–3195.

United States Court of Appeals, District of Columbia Circuit.

Argued April 22, 1991.

Decided May 31, 1991.

Gregory B. English, Alexandria, Va. (appointed by the Court), for appellant.

William R. Cowden, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, and Clendon H. Lee, Jr., Asst. U.S. Attys., were on the brief, Washington, D.C., for appellee.

Before BUCKLEY, WILLIAMS, and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Gregory C. Burroughs was tried with Carla J. Nelson and Ronald B. Nelson on counts alleging possession and distribution of cocaine base. Ronald Nelson was acquitted of both offenses. Carla Nelson was convicted of both offenses, and of possession with intent to distribute marijuana and managing a place for the distribution of cocaine. The jury convicted Burroughs of one count of possession with intent to distribute more than five grams of cocaine base (21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii)), and acquitted him of the distribution charge (21 U.S.C. §§ 841(a) and 841(b)(1)(C)). Burroughs appeals Judge Hogan's denial of his motion for a mistrial.

On July 26, 1989, two undercover officers went to an apartment at 601 Edgewood Street in the District of Columbia to attempt to purchase cocaine. The apartment was leased to Carla Nelson and Herbert Johnson, who both lived there. Burroughs opened the door and let the officers into the apartment. There they met Johnson, who told Burroughs to fetch Carla Nelson from a back bedroom, which he did. Nelson came out and accepted a $20 bill from one of the officers. She then went into a third room and returned with several bags of "crack" cocaine. The officers chose one of the bags and left.

About 40 minutes later several officers executed a search warrant for the apartment, using a battering ram to enter. Inside they found Johnson, Ronald Nelson, and Burroughs around a table in a tiny dining area measuring approximately five feet by six feet. On the table was a large clear plastic bag containing 64 packets of crack cocaine. One officer found Carla

Nelson in a bedroom. In the closet of that room the officer found a red purse. The red purse contained the $20 bill used in the earlier undercover purchase, and four clear plastic bags holding crack cocaine. An officer searched Carla Nelson incident to her arrest and found eleven clear plastic bags of crack cocaine in her pockets. The officers also searched Burroughs, but found no crack cocaine.

Carla Nelson testified in her defense. She admitted giving crack cocaine to the undercover officer in exchange for money but denied that she had intended to sell the drugs. According to her, she took eleven bags of crack cocaine from a leather purse she found on the table in the dining area when she came home. (The purse Nelson described was never recovered by the police, despite their search of the apartment, and was not introduced at trial.) She said she was upset about this discovery and planned to flush the cocaine down the toilet. In an unresponsive answer during cross-examination she stated that Herbert Johnson (the court advised the jury that he was being tried separately) had told her that the purse belonged to Burroughs. Burroughs' counsel objected and moved for a mistrial. The court struck this hearsay and admonished the jury to disregard it, but refused to declare a mistrial.[1] The court gave a similar cautionary instruction in its charge to the jury.[2]

Burroughs' only argument is based on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which held that "a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 201–02, 107 S.Ct. 1702, 1704–05, 95 L.Ed.2d 176 (1987). Mere recitation of *Bruton's* holding shows that it is inapposite. *Bruton* deals with joint trials in which a confession is properly admitted with respect to one defendant, but would be hearsay and thus inadmissible with respect to a codefendant. The resulting violation of the Confrontation Clause cannot be avoided by instructing the jury to perform, in the words of Judge Learned Hand, the "mental gymnastic" of considering the confession only in regard to the confessor's guilt, while disregarding its implication of the codefendant. *See Bruton*, 391 U.S. at 132 n. 8, 88 S.Ct. at 1626 n. 8, quoting *Nash v. United States*, 54 F.2d 1006, 1007 (2d Cir.1932). The jury here did not have to attempt any such mental gymnastic for the quite apparent reason that Carla Nelson's unresponsive answer, which did not amount to a confession by anyone, was not allowed into evidence for any purpose.

1. The court instructed as follows:

Ladies and Gentlemen, the last statement that Ms. Nelson made about someone telling her about the alleged owner of this bag being Mr. Burroughs, there is no evidence before you that's true, and that that statement I'm striking from the record as hearsay. It's a statement by someone else who is not here. It's not what she says, but it's a statement of what someone said to her. So as a result, I'm striking that.

As I informed you at the beginning of the trial in my preliminary instructions, there are times I sustain objections, and then you're not to speculate what the answer would have been, and then there's times that I'll instruct you that I've granted a motion to strike testimony or evidence that's improperly before you, and this is one of those occasions, and I'm striking from the record any remark that Ms. Nelson has made as to ownership of that

bag, and you're to disregard that remark, not to refer to it during your deliberations or use it in any way in this case and just forget there was any statement by her that someone told her about ownership of that bag that was on the table. I'll instruct you further about this at the time we have final instructions, but you're to disregard that statement.

2. The instruction in the charge read as follows:

Ladies and Gentlemen, also, during the trial, I advised you at one point, instructed you to strike certain testimony from your mind. There was a reference made when Ms. Nelson was on the stand to a hearsay statement allegedly made by Mr. Johnson concerning ownership of the bag. Once again, I remind you not to refer to that statement, if you recall it at all, not to use it in your deliberations in any way, and to simply strike it from your memory.

The case is therefore not governed by *Bruton's* conclusive presumption that the jury will not, cannot, follow even the strongest instruction not to consider a codefendant's confession against the nontestifying defendant implicated by it. 391 U.S. at 135–36, 88 S.Ct. at 1627–28. Burroughs thinks his case is at least analogous because, as in *Bruton*, Carla Nelson's statement tying him to the mysterious purse had such a "devastating" impact, 391 U.S. at 136, on the jury that the court's instructions to ignore it would likely have had no effect. Burroughs exaggerates. If the jury had not followed the court's admonitions and had instead credited what Carla Nelson blurted out on this topic, it is hard to see why it acquitted Burroughs of possession of the eleven bags of crack cocaine taken from her pockets (which she said she had taken from the leather purse on the table). Burroughs suggests that the jury might have been confused about what constituted constructive possession, despite the trial court's careful instruction on the subject. That is a possibility, though not a plausible one. The jury seemed to understand that one may be in possession of an item not on one's person. It convicted Carla Nelson of possessing the 64 packets of cocaine in the dining area even though she was elsewhere when the officers arrived.

The question remains whether Burroughs was entitled to a mistrial on the ground that the court's instructions could not cure whatever prejudice he may have suffered as a result of the unresponsive answer. Unlike the situation in *Bruton*, we do not answer that question by presuming that the jury will disregard the court's instructions. Quite the contrary. Unless there is some good reason for finding otherwise, and here there is none, trial courts and appellate courts proceed on the basis that the jury does comply. *Richardson*, 481 U.S. at 206, 107 S.Ct. at 1706–07. In ruling on a mistrial motion in these circumstances, the trial court evaluates the demeanor of the witness, the content of the stricken testimony, its likely impact, and the probable effect of cautionary instructions swiftly and firmly administered. These are necessarily matters of degree

calling for the trial court's judgment during the often rapidly unfolding events of a trial. For these reasons a trial court's ruling on a mistrial motion will be reversed only for an abuse of discretion. *United States v. Williams*, 822 F.2d 1174, 1188 (D.C.Cir.1987). In view of the relatively minor impact of Carla Nelson's unresponsive and self-serving statement, and the stern nature of the trial court's admonition to the jury immediately after the statement was made and again in the final charge to the jury, the court acted well within its discretion in refusing to declare a mistrial.

*Affirmed.*