958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Curtis V. FORDE, Appellant.
 No. 91-3069.
 United States Court of Appeals, District of Columbia Circuit.
 April 1, 1992.
 
 Before MIKVA, Chief Judge, and SILBERMAN, and STEPHEN F. WILLIAMS, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Curtis Forde appeals his conviction for possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841. He claims that the district court erred in denying his motion for a mistrial after the prosecution elicited certain testimony from a government witness during rebuttal. Forde argues that once the jury was exposed to the evidence, no curative instruction could have cured the prejudice that occurred and, therefore, the trial judge committed reversible error in failing to grant a mistrial. We affirm.
 
 I. BACKGROUND
 
 5
 On September 17, 1990, Curtis Forde was arrested in the District for possession with intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(B)(iii), and carrying a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At his trial, the following facts came to light: On the night of September 17, Forde was seen at "Todd Place", a residential area with a history of drug activity, by Officer Noon of the Metropolitan Police. Officer Noon was in an observation post when he saw Forde drive his car into the area, exit it, and speak to several people on the sidewalk for about 15 minutes. During the conversation, Forde took a crumpled brown paper bag from his coat and showed the contents of the bag to the people to whom he was talking. From Officer Noon's vantage point, using binoculars, he could see that inside the bag was something plastic containing something white. After a short while, Forde put the brown bag back inside his coat and left. The officer never saw any transaction during that exchange. A woman in the passenger seat of Forde's car, later identified as LaTonya Milburn, remained there the entire time.
 
 
 6
 As Forde left the scene, Officer Noon radioed a description of both Forde and his car to an arrest team on the street nearby. When the arrest team spotted Forde's car they turned on their overhead lights signaling Forde to stop. After he took several turns, Forde finally stopped and as one officer approached the car, a brown paper bag was thrown from the passenger side. The police recovered the bag from under the car and found that it contained 44 small ziplock bags containing white rocks later identified as 7.47 grams of crack cocaine.
 
 
 7
 At trial, Forde admitted that he was at Todd Place on September 17 but claimed that he did not speak to people on the sidewalk or show them drugs. He claimed that he arrived at Todd Place around 12:45 a.m. with LaTonya Milburn after returning from a movie and went directly to a friend's house to help move furniture. He further testified that he moved furniture for about 15 minutes and then left Todd Place. Forde stated that when the police pulled him over, Milburn reached for her handbag and threw something out of the car. Forde claimed that he first saw the brown bag when the police recovered it from under his car. The defense also offered the testimony of two friends of Forde who stated that he was at Todd Place that night to move furniture.
 
 
 8
 Before introducing the rebuttal testimony of LaTonya Milburn, the prosecution informed the court and the defense that Milburn would testify that she and Forde made two trips to Todd Place that evening, one earlier in the evening and one later when officer Noon saw them, and both times Forde exited the car to talk to people on the sidewalk. Milburn was also to testify that the first time they went to Todd Place (the time that Officer Noon did not see them), Forde gave the people on the sidewalk some drugs.
 
 
 9
 After a defense objection, the court instructed the prosecution not to elicit testimony from Milburn regarding the drug transaction that occurred the first time they were at Todd Place. At trial, Milburn did not talk about the first transaction, but, to the surprise of both the prosecution and defense, she testified that the second time she and Forde were at Todd Place (the time Officer Noon did see them), Forde handed drugs to the people on the street. The defense immediately objected and, outside the presence of the jury, Milburn explained that Forde had handed off drugs both times they went to Todd Place. Apparently, Milburn had testified to that fact before the grand jury but the prosecutor overlooked the testimony during trial preparation.
 
 
 10
 Forde moved for a mistrial, but the trial judge denied the motion and, instead, instructed the jury to disregard any testimony regarding an actual distribution of drugs by Forde. Forde now appeals, claiming that the trial judge committed reversible error in refusing to declare a mistrial.
 
 II. ANALYSIS
 
 11
 A decision to grant a mistrial rests within the discretion of the trial judge. United States v. Smith, 891 F.2d 935, 939 (D.C.Cir.1989); United States v. Tarantino, 846 F.2d 1384, 1413 (D.C.Cir.1988) (per curiam). A trial court abuses its discretion, however, when the refusal to grant a mistrial prejudices the defendant. Smith, 891 F.2d at 939. In determining whether a sufficient degree of prejudice exists to warrant a mistrial, this court looks to three factors: (1) the closeness of the case, (2) the centrality of the issue affected by the error, and (3) the steps taken to mitigate the effects of the error. United States v. North, 910 F.2d 843, 895 (D.C.Cir.1990).
 
 
 12
 Forde argues that prejudice exists because the prosecution introduced "other crimes" evidence without first proffering it to the court, out of the jury's presence, so that the trial judge could rule on its admissibility. However, the testimony that Milburn volunteered may not have been "other crimes" evidence. In United States v. Williford, 764 F.2d 1493, 1498 (11th Cir.1985), the court recognized that "[e]vidence, of an uncharged offense arising from the same series of transactions as that charged is not an extrinsic offense within Rule 404(b)." Here Milburn's testimony that Forde handed off drugs during the second trip to Todd Place may well have been the type of uncharged offense arising from the same series of transactions that would fall outside Rule 404(b).
 
 
 13
 Furthermore, while it is true that the prosecution should notify both the court and the defense of its intention to introduce evidence of other crimes under Federal Rule of Evidence 404(b), see United States v. Bailey, 505 F.2d 417, 420 (D.C.Cir.1974); United States v. Foskey, 636 F.2d 517, 526 n. 8 (D.C.Cir.1980), Forde's attorney never requested a recess or sought extra time to respond to the testimony. Therefore, we have a difficult time finding prejudice in this case.
 
 
 14
 Even if he was prejudiced by the introduction of Milburn's testimony, Forde has offered no argument as to why the trial judge's instruction did not cure the prejudice. We have held previously that, absent some "good reason" for concluding otherwise, this court will proceed on the basis that the jury did comply with the trial judge's cautionary instruction. See United States v. Burroughs, 935 F.2d 292, 295 (D.C.Cir.1991); United States v. Perholtz, 842 F.2d 343, 361 (D.C.Cir.1988). Forde has offered no reason, much less a "good reason," to conclude that the jury ignored the trial judge's curative instruction.
 
 
 15
 This case emphasizes the importance of proper trial preparation on the part of the government. If the prosecuting attorney in this case was familiar with Milburn's grand jury testimony, there would have been little chance for the kind of surprise that Milburn provided. Frankly, we find no excuse for missing such a key portion of Milburn's grand jury testimony particularly in this case where the same government attorney handled the case at both the grand jury and at the trial stage. But since we conclude that Forde was not prejudiced by the surprise and that any prejudice that could occur was cured by the trial court's instruction, we are persuaded that the trial court did not abuse its discretion in refusing to grant a mistrial. Accordingly, Forde's conviction is
 
 
 16
 Affirmed.