15 F.3d 1160
 304 U.S.App.D.C. 429
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Michael Tyran MARSHALL, Appellant.
 No. 93-3058.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 22, 1993.
 
 Before WALD, BUCKLEY, and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Michael Marshall was charged with two robberies of the same bank within a three-week period. He argues that separate trials of each count were necessary in order to avoid prejudice. We find that the joinder of the two counts was not prejudicial. Because the evidence identifying Marshall as the robber in each instance was admissible in support of both counts under the well-recognized "identity" exception to Fed.R.Evid. 404(b), and highly probative for that purpose, we find no abuse of discretion in the trial judge's application of the balancing test contemplated by Federal Rule of Evidence 403. "In such cases the prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial will be no different from that possible in separate trials." Drew v. United States, 331 F.2d 85, 90 (D.C.Cir.1964) (footnote omitted); see also Blunt v. United States, 404 F.2d 1283, 1288 (D.C.Cir.1968) (dangers of cumulation of evidence or inference of criminal propensity "are largely absent in a situation where evidence of each of the joined offenses would be admissible in a separate trial for the other.") (citation omitted).
 
 
 3
 Moreover, the district court did not err in failing to declare a mistrial when one witness withdrew an in-court identification of Marshall. The court's immediate and repeated instructions to the jury to disregard the identification cured any potential error. A jury is presumed to follow the judge's instructions to disregard inadmissible testimony "unless there is an 'over-whelming probability' the jury will be unable to follow the court's instructions ... and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." United States v. Eccleston, 961 F.2d 955, 961 (D.C.Cir.1992) (citing Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987)); United States v. Burroughs, 935 F.2d 292, 295 (D.C.Cir.1991). No such showing was made here.
 
 On consideration of the foregoing, it is
 
 4
 ORDERED AND ADJUDGED by the court that the judgment of the district court be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.