38 F.3d 609
 309 U.S.App.D.C. 34
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Tyrone E. BRAWNER, Appellant.
 No. 92-3208.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 13, 1994.
Suggestion for Rehearing In Banc Denied Jan. 25, 1995.
 
 Before: GINSBURG and RANDOLPH, Circuit Judges, and SHADUR, Senior District Judge.*
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The appellant challenges the sufficiency of the evidence to show that he constructively possessed both the gun and the drugs discovered in the bedroom he occupied, and that he used the gun during and in relation to a drug trafficking offense. Viewing the evidence in the light most favorable to the Government, as we must, see United States v. Sutton, 801 F.2d 1346, 1358 (D.C.Cir.1986), the evidence was sufficient for a rational jury to infer that the appellant constructively possessed both the gun and the contraband. United States v. Edelin, 996 F.2d 1238, 1241 (D.C.Cir.1993); United States v. Morris, 977 F.2d 617, 620 (D.C.Cir.1992). Further, the evidence that Brawner was found within reach of a firearm in a closet in the same room in which the drugs were found is sufficient to support his conviction for use of a weapon during and in relation to a drug trafficking offense. United States v. Bailey, No. 90-3119 (D.C.Cir. Oct. 4, 1994) (in banc ).
 
 
 3
 The appellant also challenges the district court's refusal to grant a mistrial for an allegedly prejudicial statement elicited on cross-examination. Given the weight of the evidence and that the trial court struck the testimony and issued a curative instruction, with which we assume the jury complied, see United States v. Burroughs, 935 F.2d 292, 295 (D.C.Cir.1991), the district court's decision to deny the motion for mistrial was not an abuse of discretion.
 
 
 4
 Finally, the appellant challenges his conviction on the ground that the District of Columbia Metropolitan Police Department has an affirmative duty to search for fingerprints. The police have no such affirmative duty, see Patterson v. United States, 301 A.2d 67, 70 (D.C.1973); Williams v. United States, 237 A.2d 539, 541 (D.C.1968), and the appellant has failed to demonstrate that the lack of such evidence was prejudicial. Therefore, it is
 
 
 5
 ORDERED and ADJUDGED that the conviction from which this appeal has been taken be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 
 
 *
 The Honorable Milton I. Shadur, United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)