**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

WILBUR BUTLER,
　　　　　　　*Defendant-Appellant.*

No. 03-4290

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-93-FO)

Submitted: November 26, 2003

Decided: January 23, 2004

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Vaughan S. Winborne, Jr., LAW OFFICES OF VAUGHAN S. WIN-BORNE, JR., Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Wilbur Butler appeals his convictions and 212-month sentence for conspiracy to distribute more than 500 grams but less than five kilograms or more of cocaine, fifty grams or more of cocaine base, and an unspecified amount of oxycodone (OxyContin), in violation of 21 U.S.C. §§ 841, 846 (2000); distribution of fourteen grams of cocaine base, in violation of 21 U.S.C. § 841 (2000); and distribution of twenty-eight grams of cocaine base, in violation of 21 U.S.C. § 841 (2000). Finding no error, we affirm.

Butler first contends that the district court erred in admitting evidence concerning a piece of crack cocaine found in the car of a police informant immediately after a controlled buy. Butler argues that the evidence was irrelevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The evidence, while not determinative, made it more probable that Butler sold crack cocaine to the informant, and we therefore conclude that the district court did not err in admitting the evidence.

Next, Butler disputes the district court's calculation of drug quantity at sentencing. The district court's factual findings will be upheld absent clear error. *See* 18 U.S.C. § 3742(e) (2000); *United States v. Lamarr*, 75 F.3d 964, 972 (4th Cir. 1996). The district court's finding was based on the trial testimony. Butler argues that this testimony was unreliable, but that credibility determination was for the jury to make. Butler has not made "an affirmative showing the information is inaccurate." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). We conclude that the district court did not clearly err.

Finally, Butler asserts that the district court erred in denying his motion for a new trial based on the Government's violation of the

Jencks Act, 18 U.S.C. § 3500b (2000). Violations of the Jencks Act constitute harmless error where no prejudice results to the defense. *United States v. Schell*, 775 F.2d 559, 567 (4th Cir. 1985). We find that the Jencks material was duplicative of other information provided to the defense, and that Butler is unable to show prejudice. *Id.*; *see also United States v. Snow*, 537 F.2d 1166, 1168 (4th Cir. 1976). Accordingly, the district court did not err in denying the motion for a new trial.

We therefore affirm Butler's convictions and sentence. We deny Butler's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*